UNITED STATES of America, Appellee,

v.

**Calvin L. HANSON, Appellant.**

**No. 83–1240.**

United States Court of Appeals,
Eighth Circuit.

Submitted Dec. 12, 1983.

Decided March 7, 1984.

Certiorari Denied June 4, 1984.
See 104 S.Ct. 2688.

Leslie D. Edwards, St. Louis, Mo., for appellant.

---

Thomas E. Dittmeier, U.S. Atty., St. Louis, Mo., Timothy J. Wilson, Asst. U.S. Atty., St. Louis, Mo., for appellee.

Before HEANEY, ROSS and FAGG, Circuit Judges.

PER CURIAM.

Appellant Calvin Hanson was convicted of making false and material declarations before a grand jury in violation of 18 U.S.C. § 1623.[1] Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1291. Hanson appeals claiming that the trial court erred in admitting the testimony of a dog handler as an expert witness. We affirm the conviction.

*Facts*

On August 20, 1982, a person or persons in a pickup truck attempted an armed robbery of a United States Postal Service truck. An abandoned 1969 Ford pickup truck was discovered at a roadside rest area a few miles away. Scattered between the scene of the robbery attempt and the truck were a fired buckshot shell, its wadding, a ski mask, a shotgun and two shells, and a shotgun case. While investigating the incident, Postal Inspector Smith received information connecting Calvin Hanson with the truck. On September 1, 1982, Smith asked Hanson to trade the pair of socks he was wearing for a new pair. Hanson complied, dropping the old socks into a plastic bag that Smith then kept sealed.

In September, a federal grand jury for the Eastern District of Missouri heard evidence related to the attempted robbery. Appearing as a sworn witness on September 16, 1982, Hanson stated he had never entered into an agreement to purchase a 1969 Ford half-ton pickup truck or any other truck, he had not purchased a vehicle in 1982, and he had never test-driven the truck.

On October 5, 1982, the Postal Inspection Service used the items recovered near the scene of the robbery attempt in evidentiary lineups, including a vehicle lineup. The Ford truck and four other vehicles were parked bumper to bumper with the doors open. A trained tracking dog smelled Hanson's socks, walked alongside the line of vehicles with his handler, and entered the Ford truck. According to the handler, the dog's behavior indicated that this truck carried a scent that was present on the socks.

The grand jury returned an indictment on November 10, 1982, charging Hanson with making false material declarations while under oath. At trial, several witnesses testified that Hanson came to Robert Petko's garage on August 15, 1982, looked at the 1969 Ford pickup truck Petko had for sale, and left $100 as a deposit. These witnesses further testified that Hanson returned to pay the balance and took possession of the truck on August 16, 1982. The trial court also accepted John Preston as an expert in the knowledge and handling of dogs and allowed him to testify about the results of the vehicle lineup in which he and his German shepherd, Harass II, participated. The jury found Hanson guilty as charged.

We find the evidence, based on the testimony of the government's eyewitnesses that Hanson did in fact purchase the disputed truck, to be sufficient to affirm the perjury conviction. Since this evidence in and of itself is sufficient to affirm the conviction, we need not address the issue of whether the district court erred in admitting the dog identification evidence. *Chapman v. California,* 386 U.S. 18, 87 S.Ct. 824, 17 L.Ed.2d 705 (1967). The error, if any, would be harmless.

Therefore, we affirm the district court.

---

1. United States District Court, Eastern District of Missouri, the Honorable Kenneth Wangelin presiding.